## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SHIRLEY H. UMALI,** *Individually and as Executor of the Estate of Jocelito Umali*, | Civ. No. 2:14-cv-07376 (WJM) |
| **Plaintiff,** | **OPINION** |
| v. | |
| **CIGNA HEATH AND LIFE INSURANCE COMPANY,** *et al.*, | |
| **Defendants.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

Plaintiff Shirley Umali filed this case against Defendants CIGNA Health and Life Insurance ("CIGNA Health"), CIGNA Corporation ("CIGNA Corp."), and Life Insurance Company of North America ("LINA"). She alleges breach of contract and violations of New Jersey law related to her deceased husband's group term life insurance policy. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff moves to file an amended complaint. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons explained below, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's motion to amend is **GRANTED**.

## I.    BACKGROUND

The following facts are alleged in the Complaint. Defendants issued a group life insurance policy to Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry (the "Policy"). Compl. ¶ 6, ECF No. 1-2. Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care, N.A. ("Fresenius") is a subscriber to the Policy. *Id.* ¶ 9. Jocelito Umali ("Decedent") worked for Fresenius. *Id.* ¶ 9. Plaintiff is Decedent's widow and is his beneficiary under the Policy. *Id.* ¶ 7.

On October 23, 2013, Decedent applied to increase his supplemental life insurance coverage from three times ($185,000) to eight times ($493,000) his annual salary under the re-solicitation provision of the Policy. Compl. ¶ 10. The Court will refer to the additional $308,000 in supplemental life insurance for which Decedent applied as the "Increased Death Benefit." Decedent's application to increase his supplemental life

insurance states "I understand that my insurance will not go into effect unless I am actively at work on the effective date." Cert. of Donna Russo ("Russo Cert.") Ex. 1 at 3, ECF No. 8-1.[1]   On November 21, 2013, Defendants approved the application. *Id.* ¶ 11. The Complaint alleges that Decedent's application to increase his coverage does not contain any information as to the effective date of the Increased Death Benefit. *Id.* ¶ 12. However, the Complaint is silent as to when the Increased Death Benefit became effective.  Defendants maintain that the Increased Death Benefit had an effective date of January 1, 2014. *Id.* ¶ 13.

Decedent subsequently became seriously ill.  Compl. ¶ 14.  His last day at work was December 5, 2013. *Id.* ¶ 15.  On December 24, 2013, he was approved for short-term disability benefits, effective December 6, 2013. *Id.* ¶ 16.  He died on February 10, 2014. *Id.* ¶ 18.

On March 4, 2014, Plaintiff filed a group term life insurance claim with Defendants.  Compl. ¶ 20.  On March 11, 2014, Fresenius sent a letter to Defendants' claim processing department requesting that Defendants pay $124,000 in basic benefits and $493,000 in supplemental life insurance benefits to Plaintiff. *Id.* ¶ 21.  On March 28, 2014, Defendants approved a payment of $124,000 in basic benefits and $185,000 in supplemental life insurance benefits, which was the coverage amount in effect prior to Decedent's application for an increase. *Id.* ¶ 22.

On April 3, 2014, Defendants advised Plaintiff that they would not pay the Increased Death Benefit, because Decedent was not in "active service" on the effective date of the Increased Death Benefit.  Compl. ¶ 23.  Thus, Defendants maintain that the Increased Death Benefit never became effective. *Id.* ¶ 26.  Plaintiff has exhausted her administrative appeals. *Id.* ¶ 29.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

---

[1] On a motion to dismiss under Rule 12(b)(6), a court may consider materials directly relied upon in the plaintiff's complaint. *Greer v. Smith*, 59 Fed. App'x 491, 492 n.1 (3d Cir. 2003) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).  The Court will thus consider both the Policy and Decedent's application to increase his coverage.

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III.    DISCUSSION

The Complaint asserts the following claims:

> (1) Count One:  Violation of N.J. Stat. Ann. § 17B:27-72(l);
> (2) Count Two:  Violation of N.J. Stat. Ann. § 17B:27-72(i) and N.J. Stat. Ann. § 17B:27-73;
> (3) Count Three:  Breach of Contract; and
> (4) Count Four:  Violation of N.J. Stat. Ann. § 17B:27-72(k).

Defendants move to dismiss the Complaint. Defendants argue that the Increased Death Benefit never became effective, because Plaintiff left work on disability prior to its effective date. Thus, Defendants argue that Plaintiff's claims are barred by the plain and unambiguous terms of the Policy, which complies with New Jersey law. Defendants further argue that the Employee Retirement Income Security Act of 1974 ("ERISA") preempts Plaintiff's Section 17:27-73 (Count Two) and breach of contract (Count Three) claims. Finally, Defendants ask this court to dismiss CIGNA Heath and CIGNA Corp. from this action, because LINA was the sole insurer of, and claims administrator for, the Policy. Plaintiff moves to amend by adding an ERISA claim.

The parties agree that ERISA applies to the Policy. Plaintiff does not dispute – and the Court agrees – that ERISA preempts Plaintiff's breach of contract claim. *See* 29 U.S.C. § 1144; *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) (holding ERISA preempts "suits against . . . insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract"). And ERISA also preempts the claim under Section 17B:27-73. *See Estate of Trovato v. Marcal Mfg. LLC*, No. 11-181, 2011 WL 4550169, at *4 (D.N.J. Sept. 29, 2011) (holding that ERISA's preemption provision applies to Section 17B:27-73). The Court will thus dismiss the Section 17B:27-73 claim in Count Two and the entirety of Count Three.

The Court will analyze the claims under N.J. Stat. Ann. Section 17B:27-72 in Counts One, Two, and Four, as well as Plaintiff's motion to amend, below.

### A.  Violations of N.J. Stat. Ann. § 17B:27-72

Section 17B:27-72 sets forth provisions that must be included in group life insurance policies delivered or issued for delivery in New Jersey.  The Complaint purports to allege violations of subsections (l), (k), and (i).  The Court notes that the parties have not raised the issue of whether a private cause of action exists under Section 17B:27-72.  Because the Court finds that the Policy complies with Section 17B:27-72, it need not reach the issue.

### i.  Subsection (l)

In Count One, Plaintiff alleges that Defendants violated N.J. Stat. Ann. § 17B:27-72(l).  Subsection (l) reads as follows:

> l. Where active employment is a condition of insurance, the policy shall contain a provision that an insured may continue coverage during the insured's total disability by timely payment to the policyholder of that portion, if any, of the premium that would have been required from the insured had total disability not occurred.  The continuation shall be on a premium paying basis for a period of six months from the date on which the total disability started, but not beyond the earlier of:
>> (1) Approval by the insurer of continuation of the coverage under any disability provision which the group insurance policy may contain; or
>> (2) The discontinuance of the group insurance policy.

N.J. Stat. Ann. § 17B:27-72(l).

Count One fails to state a claim.  The Policy contains the following "Extended Death Benefit with Waiver of Premium" provision:

> If an Employee becomes Disabled and is less than age 60, the Life Insurance Benefits shown in the Schedule of Benefits will be extended without premium payment until the earlier of the following dates:
>> 1.    The date that the Employee is no longer Disabled; or
>> 2.    9 months after the end of Active Service.

*See* Decl. of Amy S. Kline ("Kline Decl.") Ex. 2 at 1, ECF No. 6-1.  Thus, the Policy actually provides more coverage than subsection (l) requires.  Moreover, contrary to Plaintiff's argument, nothing in subsection (l) indicates that "a group policy cannot condition coverage on 'active employment.'"  Pl.'s Opp'n Br. 7, ECF No.  8.  Rather, the

language of that Section explicitly contemplates policy language that conditions insurance on active employment.  *See* N.J. Stat. Ann. § 17B:27-72(l) ("*Where active employment is a condition of insurance*, the policy shall . . . .") (emphasis added).

### ii.  Subsections (i) (Count Two) and (k) (Count Four)

In Counts Two and Four, Plaintiff alleges that Defendants violated N.J. Stat. Ann. §§ 17B27-72(i) and (k).  Subsection (i) provides:

> The policy shall contain a provision that, if [the coverage] ceases because of termination . . . of membership in the class eligible for coverage under the policy . . . , the person shall be entitled to have issued to him by the insurer, without evidence of insurability, an individual policy . . . provided application for the individual policy shall be made, and the first premium paid to the insurer, within 31 days after termination . . . .

N.J. Stat. Ann. § 17B27-72(i).  And under subsection (k):

> k. The policy shall contain a provision that, if a person insured under the group policy, or the insured dependent of a covered person, dies during the period within which the individual would have been entitled to have an individual policy issued in accordance with subsection i. or j. of this section and before the individual policy shall have become effective, the amount of life insurance which he would have been entitled to have issued under the individual policy shall be payable as a claim under the group policy, whether or not application for the individual policy or the payment of the first premium therefor had been made.

N.J. Stat. Ann. § 17B:27-72(k).

Consistent with subsections (i) and (k), the Policy includes a "Conversion Privilege for Life Insurance Provision" that permits an insured to "convert all or any portion of his or her Life Insurance that would end under the Policy due to," among others, "termination of membership in an eligible class under the Policy."  Klein Decl. Ex. 2 at 18.  The Policy further provides that if the insured dies during the conversion period, "Life Insurance benefits will be paid under the Policy regardless of whether he or she applied for conversion insurance."  *Id.*

Finally, Plaintiff has alleged nothing – based on Section 17B:27-72 or otherwise – that permits the reasonable inference that she is entitled to anything more than the amount she has already received from Defendants under the Policy.  Notably, the Complaint contains no allegations indicating that the Increased Death Benefit ever became effective. And the Complaint does not provide any explanation as to why, based on the cited

statutory provisions, Defendants should be forced to pay an approved – but not yet effective – Increased Death Benefit. The Court will dismiss the Complaint.[2]

### B.  Motion to Amend

The Court now turns to Plaintiff's motion for leave to file a proposed amended complaint. The only difference between the Complaint and the proposed amended complaint is the addition of a Fifth Count, which incorporates the allegations of the prior four Counts and seeks relief under ERISA.

Under ERISA:

> A civil action may be brought—
>     (1) by a participant or beneficiary--
>         (A) for the relief provided for in subsection (c) of this section, or
>         (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132.

The Court will not permit Plaintiff to file the proposed amended complaint. Plaintiff's amendment is grounded on the premise that "defendants are in breach of their contract" and she, therefore, has stated a claim under ERISA. Proposed Am. Compl. 9-10, ECF No. 9-1. But the proposed amended complaint does not allege that Defendants breached the Policy in any way. Specifically, the proposed amended complaint lacks any allegation that the Increased Death Benefit ever became effective or was otherwise subject to Decedent's rights under the Policy. However, given the Third Circuit's liberal approach to the amendment of pleadings, the Court will grant Plaintiff one final opportunity to amend her Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (noting that, in the absence of undue delay, bad faith, or dilatory motives by the movant, the court should grant leave to amend, unless it is futile or unfairly prejudicial to the non-moving party).

### IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to amend is

---

[2] Because the Court finds that the Complaint fails to allege any claims, it has not reached Defendants' argument that LINA is the only properly named Defendant in this action.

**GRANTED**.  Plaintiff shall have thirty days to file an amended complaint consistent with this Opinion.  An appropriate order follows.


          /s/ William J. Martini    
         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 30, 2015**